UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK RUBIN, et al., | : |
| Plaintiffs, | : Civil Action No. 18-17472 (JMV) |
| v. | : |
| CANNOVO SALVATORE, et al., | : REPORT & RECOMMENDATION |
| Defendants. | : |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Defendants' Cannavo Salvatore, SaratogaBlue Capital Advisors, LLC, Blue Waters Equity and Development, LLC (collectively "Defendants") failure to comply with Court orders and defend this case. For the reasons set forth below, it is respectfully recommended that Defendants' Answer be stricken and default entered against them.

**BACKGROUND**

On November 5, 2018, Defendants removed this action from the Supreme Court of the State of New York, County of Queens pursuant to 28 U.S.C. § 1441. Dkt. No. 1. Defendants filed their Answer on the same date. Dkt. No. 3. On December 20, 2018, the Court granted Defendants' motion to change venue from the United States District Court for the Eastern District of New York to the United State District Court for the District of New Jersey. Dkt. No. 16.

On July 15, 2019, Defendants' attorneys, Rima Ayzen ("Ms. Ayzen") and Sarah Yean Khurana ("Ms. Khurana") of Kruzhkov Russo PLLC, filed a motion to withdraw as counsel for

Defendants based on Defendants' failure to communicate effectively and failure to compensate them as counsel. Dkt. Nos. 21, 22. The Court thereafter scheduled an in-person conference for September 10, 2019 with all counsel and parties to address the motion to withdraw. Dkt. No. 25. On September 11, 2019, the Court issued an Order to Show Cause ("OTSC") after Defendants failed to appear at the September 10, 2019 conference. Dkt. No. 30. The OTSC required Ms. Khurana and Plaintiffs' counsel to serve a copy of the OTSC on Defendants by certified mail, return receipt requested, and file proof of said service with the Court. *Id.* The OTSC also mandated that Defendants appear in-person before the Court on October 23, 2019 and submit a position paper outlining why their Answer should not be stricken no later than October 10, 2019. *Id.* Finally, the Court granted Kruzhkov Russo PLLC's motion to withdraw as counsel for Defendants and required Plaintiffs' counsel and Ms. Khurana to serve a copy of the order on Defendants by certified mail, return receipt requested. Dkt. No. 29. Ms. Khurana was also directed to serve a copy of the order on Defendants by email. *Id.*

On September 17, 2019, Ms. Khurana filed a declaration with the Court attesting that she had served a copy of the OTSC and order by email and by certified mail, with return receipt requested at Defendants' last known address. Dkt. No. 31. On September 20, 2019, Plaintiffs' counsel filed a declaration with the Court attesting that he had also served the OTSC and order on Defendants by regular mail and certified mail, with return receipt requested. Dkt. No. 32.

October 10, 2019 came and went without any paper submission, or any other communication, from Defendants. Defendants then failed to appear at the OTSC hearing on October 23, 2019.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility**. In this case, it appears that Defendants are solely responsible for their failure to comply with court orders and defend this matter. At the outset, Defendants failed to cooperate with their prior attorneys. Defendants' counsel withdrew on September 11, 2019, and Defendants have made no apparent efforts to retain new counsel. Moreover, both Plaintiffs' counsel and Ms. Khurana served Defendants the OTSC by regular mail, certified mail, and email, and yet Defendants did not respond nor appear when required to do so by the Court. By failing to communicate with their prior counsel, or with the Court, and by failing

to appear at the OTSC hearing, Defendants have effectively abandoned defense of this case.

**2. Prejudice to Plaintiffs.** The Court finds that manifest injustice would result to Plaintiffs if Defendants' Answer is not stricken. There is no indication that Defendants intend to participate in this action, and this action cannot resume without them doing so. Defendants' actions, or lack thereof, support dismissal. *See, e.g.*, *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Accordingly, this factor weighs in favor of striking the Answer and entering default against Defendants.

**3. History of Dilatoriness.** Defendants have a history of dilatoriness. Defendants failed to appear at their own attorneys' motion to withdraw conference on September 10, 2019. Additionally, Defendants failed to submit a position paper on the required date and failed to appear at the OTSC hearing. Defendants' inaction in this regard further supports striking their Answer and entering default against them.

**4. Willfulness or Bad Faith.** The Court will not conclude that Defendants have proceeded in bad faith. However, Defendants' conduct has been willful. Defendants willfully decided not to cooperate with their prior counsel or with the Court, despite the negative consequences that may result therefrom. These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further weighs against them.

**5. Effectiveness of Alternative Sanctions.** Defendants' record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Defendants to respond and appear, Defendants have not participated in this action. No other sanction would be effective if the Defendants do not heed them. See *Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Defendants' defenses.

In sum, Defendants did not appear in response to the Court's Order to make an appearance to show cause why their Answer should not be stricken and default entered against them. Defendants also failed to meaningfully communicate with their counsel, which resulted in the Court granting Kruzhkov Russo PLLC's motion to withdraw from representation of Defendants. As such, Defendants' failures and willful abandonment establish their inability to continue to defend this matter.

## CONCLUSION

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **4th** day of **November, 2019**,

**RECOMMENDED** that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered against them.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Defendants; and it is

**ORDERED** that Plaintiffs' counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Defendants.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**