**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK RUBIN and RUBIN SOLUTIONS, *Plaintiffs*, v. CANNAVO SALVATORE, SARATOGABLUE CAPITAL ADVISORS, LLC, and BLUE WATERS EQUITY & DEVELOPMENT, LLC, *Defendants*. | Civil Action No. 18-17472 **ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the November 4, 2019 Report and Recommendation (the "R&R") of Magistrate Judge James B. Clark. D.E. 33. The R&R addressed an application by way of a *sua sponte* order to show cause regarding Defendants' Salvatore Cannavo, SaratogaBlue Capital Advisors, LLC, and Blue Waters Equity & Developments, LLC (collectively "Defendants") failure to comply with Court orders and defend this case. The R&R recommends that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered against them, R&R at 5; and it

**APPEARING** that the parties were advised as to the dates that any objections to this R&R were to be served and filed. *See id.*; and it

**APPEARING** that no objections to the R&R have been received and the time for filing any objections has expired; and it

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court independently reviewed the record and the R&R, and hereby adopts it as the Opinion of this Court. In adopting the R&R, this Court is mindful of *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. 2019), which was decided by the Third Circuit after Judge Clark issued the R&R in this matter. In *Hildebrand*, the Third Circuit reiterated that when possible, cases should be decided on the merits. *Id.* at 132. The Third Circuit also echoed Supreme Court guidance and repeated its prior directions that the sanction of dismissal with prejudice is extreme and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)). Here, given Defendants' repeated failure to participate in litigation, this Court concludes that Judge Clark appropriately determined that the *Poulis* factors demonstrate that sanctions are appropriate in this matter;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

**IT IS** on this 25th day of November, 2019,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 33, in its entirety; and it is further

**ORDERED** that Defendants' Answer, D.E. 3, is **STRICKEN**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter default against Defendants.

John Michael Vazquez, U.S.D.J.

2