**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK RUBIN and RUBIN SOLUTIONS, INC, <br><br> *Plaintiffs*, <br><br> v. <br><br> SALVATORE CANNAVO, SARATOGABLUE CAPITAL ADVISORS, LLC, BLUE WATERS EQUITY & DEVELOPMENT, LLC, and ARMOUR CAPITAL PARTNERS, LLC, <br><br> *Defendants*. | Civil Action No. 18-17472 <br><br> **ORDER** |

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court on Plaintiffs Mark Rubin and Rubin Solutions, Inc.'s unopposed motion for default judgment against Defendants Salvatore Cannavo, Saratogablue Capital Advisors, LLC ("Saratogablue"), and Blue Waters Equity & Developments, LLC ("Blue Waters") pursuant to Federal Rule of Civil Procedure 55. D.E. 36; and it

**APPEARING** that Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. The "or otherwise defend" clause allows a court to enter default judgment "because a party has failed to comply with a court's orders, file a pretrial memorandum or respond to discovery requests" and when a party "fail[s] to appear at a conference after filing an answer." *Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (internal citations omitted); and it further

**APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316, 2016 WL 2892551, at *1

1

(D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)). In evaluating whether to enter default judgment pursuant to Rule 55(b), the Court must consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Id.*; *see also* 10A Charles A. Wright et al., Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); *see also Lines v. New Prime, Inc.*, No. 13-2163, 2016 WL 4727145, at *1 (M.D. Pa. Feb. 24, 2016) ("[I]n light of the potential for inconsistent judgments, a court should not enter default judgment against defaulting defendants when claims based upon identical allegations and theories of liability remain for trial against defendants not in default." (citing *Farzetta v. Turner & Newall, Ltd.*, 979 F.2d 151, 154 (3d Cir. 1986))); and it further

**APPEARING** that in this matter Plaintiffs assert identical allegations of wrongdoing against multiple defendants. On November 26, 2019, this Court struck Defendants Cannavo,

Saratogablue and Blue Waters' answer and default was entered as to these Defendants as a sanction for their failure to comply with Court orders and defend this case. D.E. 33, 34; and it further

**APPEARING** that default has not been entered as to Defendant Armour Capital Partners, LLC ("Armour"). On April 24, 2020, this Court entered a text order requiring Plaintiffs, within seven days, to inform the Court whether they intended to voluntarily dismiss their claims as to Armour. The text order further stated that if Plaintiffs did not intend to dismiss their claims as to Armour, Plaintiffs' motion for default judgment would be denied until the matter is resolved as to Armour. D.E. 38; and it further

**APPEARING** that Plaintiffs did not respond to the text order. Thus, the Court presumes that Plaintiffs do not want to voluntarily dismiss their claims as to Armour at this time. Therefore, to reduce the risk of potentially inconsistent judgments, Plaintiffs' motion for default judgment is denied without prejudice. Plaintiffs may re-file their motion for default judgment after this matter is resolved as to Armour;

Accordingly, for the foregoing reasons and for good cause shown

**IT IS** on this 12th day of May, 2020, hereby

**ORDERED** that Plaintiffs' motion for default judgment as to Defendants Salvatore Cannavo, Saratogablue Capital Advisors, LLC, and Blue Waters Equity & Developments, LLC (D.E. 36) is **DENIED** without prejudice.

_____
John Michael Vazquez, U.S.D.J.